Garden City Fan Company, Appellant, v. Pittsburgh, Cincinnati, Chicago & St. Louis Railway Company, Appellee.

## Gen. No. 25,527.

1. ESTOPPEL, § 89*—*when principal is not estopped by act of agent.* A shipper who ships goods to another city consigned to itself is not estopped to deny that it ordered the carrier to deliver the goods to a third person merely because such delivery was directed by one who acted as commission sales agent for the shipper in the city to which the goods were shipped and who was the only person in any way connected with the shipper in such city.

2. CARRIERS, § 79*—*when carrier is liable for wrong delivery.* A carrier cannot escape liability to a shipper for delivering goods to another than the consignee merely because it was directed over the telephone to make such delivery by an unknown person as to whose authority it was not informed and made no inquiry, notwithstanding the telephone over which such direction was given appeared in the telephone directory in the shipper's name.

3. CARRIERS, § 79*—*what is duty of carrier in delivering goods.* The absolute duty of delivery by a carrier to the proper person is such that it acts at its peril and is liable for delivery to the wrong person regardless of negligence or mistake.

4. CARRIERS, § 95*—*what is extent of liability for wrong delivery.* A carrier delivering goods to other than the consignee without authority is liable for the proven reasonable market value of the goods.

Appeal from the Municipal Court of Chicago; the Hon. HARRY OLSON, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1919. Reversed with a finding of fact. Opinion filed November 30, 1920.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

STOLL & SHEPHERD, for appellant.

LOESCH, SCOFIELD, LOESCH & RICHARDS, for appellee.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

This is a suit to recover damages for failure of appellee to deliver goods shipped and consigned by appellant to itself at Pittsburgh, Pennsylvania. On their arrival over the road of defendant, a connecting carrier, its agent called up a telephone number in the Pittsburgh telephone directory, appearing in plaintiff's name, which was responded to by one Hendrickson who occupied the office to which the call came. He stated that the party answering the call was the consignee, that the goods were for Baker, Smith & Company and that they wanted them delivered at the Duquesne freight station. The goods were accordingly delivered to said firm at said station.

Hendrickson was a commission sales agent for appellant and other concerns. He had no authority to close a contract for appellant without its approval. His authority was confined to negotiating sales, for which, if allowed, he received a commission. He had nothing to do with the shipment or delivery of goods sold. It is not even claimed by appellee that such limited authority as he had justified delivery of the goods on such directions or instructions, if they may be so construed. But it claims that because Hendrickson testified that he had plaintiff's authority to put its name in the telephone book, and such testimony was not expressly denied, plaintiff is estopped to deny that it existed as a corporation in Pittsburgh, and, that inasmuch as Hendrickson was the only person in any way connected with it in Pittsburgh, also estopped to deny that it ordered the delivery of the freight to Baker, Smith & Company. We do not think that the latter contention is tenable, or that the carrier can

escape liability by accepting directions from an unknown party over the telephone, even though the telephone was in the name of the consignee of the goods. Unquestionably the absolute duty of delivery by a carrier to the proper person is such that it acts at its peril and is liable for delivery to the wrong party regardless of negligence or mistake. This is fundamental. (10 Corpus Juris, secs. 377, 378; 4 R. C. L. sec. 297.) It does not appear that plaintiff made any inquiry with respect to Hendrickson's authority, although this was the first business it had done with plaintiff or its agent.

The judgment will be reversed and a judgment entered here with a finding of fact for the proven reasonable market value of the goods shipped, which, with interest from June 1, 1916, at the rate of 5 per cent, amounts to $688.

*Reversed with a finding of fact.*

Gridley and Matchett, JJ., concur.